**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Jennifer Toole, | : |
| | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
| | : |
| Kay Jewelers d/b/a Sterling Jewelers, Inc., | : **COMPLAINT** |
| | : |
| Defendant. | : |
| | : |

For this Complaint, the Plaintiff, Jennifer Toole, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3.      The Plaintiff, Jennifer Toole ("Plaintiff"), is an adult individual residing in Scranton, Pennsylvania, and is a "person" as the term is defined by 47 U.S.C.A § 153(39).

4.      Defendants Kay Jewelers d/b/a Sterling Jewelers, Inc. ("Kay Jewelers"), is an Ohio business entity with an address of 375 Ghent Road, Akron, Ohio 44333, and is a "person" as the term is defined by 47 U.S.C.A § 153(39).

**FACTS**

5.      Beginning in or around December 2013, Kay Jewelers started calling Plaintiff's cellular telephone (570) 909-XXXX two to three times a day.

6.      At all times mentioned herein, Kay Jewelers called Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

7.      Plaintiff has a prior business relationship with Kay Jewelers; however, upon information and belief, Plaintiff did not provide her consent to be contacted by means of an automated system on her cellular phone.

8.      When she answered the ATDS calls, Plaintiff heard a pre-recorded message that stated, "Please hold for next available representative…"  Plaintiff was then placed on hold for a twenty second period before a live representative came on the line.

9.      At all times, Kay Jewelers placed calls regarding payment on Plaintiff's account.

10.     During a conversation in or around mid-January 2014, Plaintiff informed Kay Jewelers that her husband had recently lost his job and they could not afford to pay their account at the time.  Accordingly, Plaintiff requested Kay Jewelers cease calling her cellular phone.

11.     Nonetheless, Kay Jewelers continued to place ATDS calls to Plaintiff's cell phone.

**COUNT I**

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
47 U.S.C. § 227, *et seq.***

12.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13.     Defendant contacted Plaintiff using an automatic telephone dialing system and/or by using a prerecorded or artificial message on a cellular telephone of 47 U.S.C. § 227(b)(1)(A)(iii).

14.     Plaintiff either never provided express consent to Defendant or the Creditor to call her cellular telephone number, or Plaintiff revoked her consent to be contacted by Defendant on her cellular telephone by her repeated demands to cease calling her cellular telephone.

15.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

16.     Each of the aforementioned calls made by Defendant constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, *et. seq*.

17.     As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

18.     As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1.  Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2.  Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 14, 2014

Respectfully submitted,

By */s/ Jody B. Burton*

Jody B. Burton, Esq.
Bar No.: 71681
LEMBERG LAW LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
*Attorneys for Plaintiff*